UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JUNE ROBERTS,                                                    04 Civ-5576 (SJF)(WDW)

                        Plaintiff,

      -against-

BORGHESE, INC. and CASTELLO DI BORGHESE,
INC.,

                        Defendants.
----------------------------------------------------------------X

## DEFAULT JUDGMENT

The summons and complaint in this action having been duly served on the above named defendants BORGHESE, INC. and CASTELLO DI BORGHESE, INC. on January 11, 2005 and said defendants having failed to plead or otherwise defend in this action, and said default having been duly noted, and upon the annexed declaration of default judgment.

      NOW, on motion of Martin J. Coleman, Esq., the attorney for the plaintiff, it is hereby

      DECLARED that JUNE ROBERTS, the plaintiff, is an individual with a disability who has standing to sue the defendants under Article III of the United States Constitution for violations of her rights under Title III of the Americans with Disabilities Act, 42 U.S.C.A. § 12181 et seq., and it is further

      DECLARED that Title III of the Americans with Disabilities Act, 42 U.S.C.A. § 12181 et seq., provides for injunctive relief as the only remedy for plaintiffs pursuing private rights of action under that Title. See, 42 U.S.C.A. § 12188, and it is further

      DECLARED that the plaintiff's rights under Title III of the ADA will be irreparably harmed unless injunctive relief is granted, and it is further

DECLARED that the defendant violated the plaintiff's rights under 42 U.S.C.A. § 12182(a) by failing to provide a van accessible parking space and by failing to remove physical barriers created by two steps at the front entrance to the defendants' building located at the Castello di Borghese Vineyard on Alvah's Lane and Route 48 in Cutchogue, New York, and by failing to provide an accessible route into the defendant's building for the plaintiff who uses a wheelchair, and it is further

DECLARED that all modifications required to remove the barriers that prevent plaintiff's access into the above referenced parking lot and building are readily achievable by the defendants, and it is further

DECLARED that the plaintiff is a prevailing party pursuant to 42 U.S.C.A. § 12205 and that the plaintiff's counsel is therefore entitled to an award of reasonable attorney's fees and costs of litigation in the discretion of the court and that plaintiff's counsel, Martin J. Coleman, Esq. presented evidence that he spent 31.3 hours in litigating this case, and that of those 31.3 hours the Court finds _____ hours were reasonably necessary to achieve the result obtained herein and that $250.00 per hour is a reasonable sum to award Mr. Coleman for his time, and that Mr. Coleman expended $715.00 in costs litigating this case and that those expenditures were reasonable and necessary, and it is therefore

ORDERED and ADJUDGED that the defendants immediately repair and/or alter their parking lot and the entrance patio into their building located at Alvah's Lane and Route 48 in Cutchogue, New York so that at least one van accessible parking space is created and so that a ramp or other level surface is installed or constructed from the van accessible space to the entrance door into the building. All modifications ordered herein must be constructed in accordance with the applicable provisions of the Americans with Disabilities Act Accessibility

Guidelines, 28 C.F.R. Part 36, Appendix A, and it is further

ORDERED AND ADJUDGED that the defendants shall immediately pay the sum of $_____ in attorney's fees and costs to Martin J. Coleman, Esq. at his office located at 48 South Service Road, Suite 100, Melville, New York 11747, and it is further

ORDERED AND ADJUDGED that this court shall retain jurisdiction over this action for the purpose of enforcement of this judgment for a period of three years from the date of this judgment.

Dated: Central Islip, New York
~~January    , 2006~~
September 25, 2006.

By: /s/
Sandra J. Feuerstein, U.S.D.J.